UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ELLIOTT, | No. 2:22-cv-1496 KJN P |
| Plaintiff, | |
| v. | ORDER |
| R. HART, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court

each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the

complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff alleges that defendants R. Hart and F. Ramirez, correctional officers with the Investigative Services Unit at California State Prison, Sacramento, retaliated against plaintiff for filing grievances against them by bringing false rules violation reports against plaintiff. Plaintiff also marked the threat to safety boxes, claiming defendants are attempting to cover up their wrongdoing.

The court reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable First Amendment claims against defendants R. Hart and F. Ramirez for allegedly retaliating against plaintiff for his protected conduct. See 28 U.S.C. § 1915A.

For the reasons stated below, the court finds that the complaint does not state a cognizable Eighth Amendment claim against defendants R. Hart and F. Ramirez. The Eighth Amendment claims are dismissed with leave to amend.

An allegation that the defendants participated in a cover up states a Section 1983 claim only if the cover up deprives the plaintiff of his right of access to courts by causing him to fail to obtain redress for the constitutional violation that was the subject of the cover up. See Karim–Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 625 (9th Cir. 1988); Rose v. City of Los Angeles, 814 F.Supp. 878, 880-81 (C.D. Cal. 1993). Thus, a cover up claim is not ripe when, as here, an action seeking redress for the underlying constitutional violation, i.e., filing a false violation report, remains pending, and the cover up claim must be dismissed without prejudice. See Karim-Panahi, 839 F.2d at 625 (claim alleging police cover up of misconduct was premature when federal action challenging misconduct was pending and should be dismissed without prejudice); Rose, 814 F.Supp. at 881 (cover up claim dismissed without prejudice as premature given pendency of federal case based upon underlying alleged constitutional violation).

Plaintiff may proceed forthwith to serve defendants R. Hart and F. Ramirez and pursue only his First Amendment claims against defendant or he may delay serving any defendant and

3

attempt to state cognizable Eighth Amendment claims against defendants R. Hart and F. Ramirez.

If plaintiff elects to attempt to amend his complaint to state a cognizable Eighth Amendment claim against defendants, he has thirty days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants R. Hart and F. Ramirez, against whom he stated potentially cognizable First Amendment claims for relief, then within thirty days he must so elect that choice on the appended election form. In this event the court will construe plaintiff's election as consent to dismissal of the Eighth Amendment claims against defendants without prejudice.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim

and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). California prisoners or parolees may appeal "departmental policies, decisions, actions, conditions, or omissions that have a material adverse effect on the[ir] welfare. . . ." Cal. Code Regs. tit. 15, §§ 3084.1, et seq. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been

1 uncovered in the review promised by the department.  Plaintiff is further admonished that by
2 signing an amended complaint he certifies his claims are warranted by existing law, including the
3 law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks
4 dismissal of his entire action, including his claims against [defendant(s) name(s)].

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Eighth Amendment claims against defendants R. Hart and F. Ramirez are dismissed with leave to amend.  Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants.  Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient to state potentially cognizable First Amendment claims against defendants R. Hart and F. Ramirez.  See 28 U.S.C. § 1915A.  If plaintiff elects to proceed forthwith as to such defendants, the court will issue an order to the U.S. Marshal to execute service of process pursuant to Fed. R. Civ. P. 4.  Defendants R. Hart and F. Ramirez will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective Eighth Amendment claims against defendants R. Hart and F. Ramirez without prejudice.

////
////
////
////
////

     5.  Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  November 28, 2022

/elli1496.14o

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ELLIOTT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. HART, et al.,<br><br>　　　　Defendants. | No.  No.  2:22-cv-1496 KJN P<br><br>NOTICE OF ELECTION |

　　　　Plaintiff elects the following in response to the court's January 2022 order:

　　　　_____ Plaintiff chooses to proceed solely as to his First Amendment claims against defendants R. Hart and F. Ramirez.

　　　　_____ Plaintiff consents to the dismissal of his Eighth Amendment claims against defendants R. Hart and F. Ramirez without prejudice.

　　　　OR

　　　　_____ Plaintiff opts to file an amended complaint and delay service of process.

DATED:

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Plaintiff

8