UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ELLIOTT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. HART, et al.,<br><br>　　　　　Defendants. | No.  2:22-cv-1496 KJN P<br><br><br>ORDER |

　　　Plaintiff is a state prisoner proceeding pro se.  On March 19, 2024, defendants filed a motion for administrative relief for extension of time to file a motion for summary judgment by sixty days, citing Local Rule 233.  (ECF No. 31.)

Local Rule 233

　　　It does not appear defendants' request for extension is properly brought as a motion for administrative relief under Local Rule 233:

> Miscellaneous administrative matters which require a Court order may be brought to the Court's attention through a motion for administrative relief. Examples of matters that such motions may address include motions to exceed applicable page limitations; requests to shorten time on a motion; requests to extend a response deadline; requests to alter a briefing schedule; or requests to alter a discovery schedule that does not affect dispositive motion filing dates, trial dates, or the final pre-trial conference.

Local Rule 233.  Defendants do not seek to alter a discovery schedule, but rather seek an

extension of time to file a summary judgment motion which would require extending the dispositive motion deadline. Because the motion seeks to extend the dispositive motion deadline, such request is governed by Rule 16(b) of the Federal Rules of Civil Procedure.

Plaintiff's Complaint

Plaintiff alleges that defendants R. Hart and F. Ramirez, correctional officers with the Investigative Services Unit at California State Prison, Sacramento, retaliated against plaintiff for filing grievances against them by bringing false rules violation reports against plaintiff.

Governing Standards

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

Discussion

The undersigned is not persuaded that it would take an additional sixty days to gain authorization from the CDCR to produce documents in connection with the motion for summary judgment, and counsel did not otherwise address good cause or diligence. Therefore, defendants are granted thirty days in which to file the motion for summary judgment.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for extension (ECF No. 31) is partially granted; and

2. The March 22, 2024 pretrial motions deadline (ECF No. 30) is extended for thirty days from the date of this order. In all other respects, the discovery and scheduling order remains in effect.

Dated: March 21, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

/elli1496.16b